IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY W. HASSLER,

                Plaintiff,

vs.                              Case No. 19-3209-SAC

BOBBY BRADBERRY and
CITY OF SALINA, KANSAS,

                Defendants.

**O R D E R**

This case is before the court to screen plaintiff's amended complaint (Doc. No. 7) which was filed following the court's February 4, 2020 order to show cause why plaintiff's original complaint should not be dismissed. Doc. No. 6. An amended complaint supersedes any previous complaint. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007). Therefore, the original complaint shall be considered moot. The court screens this matter pursuant to 28 U.S.C. § 1915A. The court applies the screening standards described at pp. 2-4 of Doc. No. 6.

The amended complaint

The amended complaint names Bobby Bradberry, a probation officer, and the City of Salina, Kansas as defendants. Plaintiff alleges that he had a 50-month sentence which was overturned and reduced to 20 months by the Kansas Court of Appeals. He asserts

1

that he served more time (13 months) than he should have and was immediately released from prison when he won his appeal. The amended complaint is presented on forms for bringing an action under 42 U.S.C. § 1983.

### Section 1983 standards

A plaintiff bringing a § 1983 claim must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Bruner v. Baker, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (internal quotation marks omitted). In order to state a claim for relief against an individual defendant under § 1983, a complaint must describe how the defendant was personally involved in the constitutional violation. See Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). A complaint should explain what each defendant did, when it was done, how plaintiff was harmed and what legal right was violated. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

### Bradberry

Plaintiff names Bobby Bradberry, "his probation officer," as a defendant. But, plaintiff does not allege with any specificity in the amended complaint what Bradberry did to cause plaintiff to serve more time in prison than properly ordered by the court. The original complaint states that Bradberry insisted that plaintiff

2

had 18 months instead of 12 months probation.  The court has examined pleadings in the appeal of <u>State of Kansas v. Jerry Wayne Hassler</u>, Case No. 116042.[1]  It appears that the sentencing judge announced a sentence of 12 months probation in this case and that a journal entry reflected that sentence.  However, a subsequent "order of probation" signed by the judge, plaintiff Hassler, and counsel showed a 18-month term of probation.  This apparently was a clerical error.  It further appears that plaintiff's probation sentence was extended, perhaps more than once, after the 12-month probation period expired and, therefore, the Kansas Court of Appeals held that the extensions or subsequent revocations were void.  It is not clear to the court from these facts or from plaintiff's allegations in the amended complaint what Bradberry did to cause plaintiff injury or that Bradberry's actions rose beyond simple negligence.[2]  The facts presented to the court in the amended complaint are so unclear that plaintiff has not plausibly alleged that Bradberry's erroneous statement caused a sentencing mistake by the court and the parties to plaintiff's detriment.

---

[1] That is the appellate case number; the Saline County District Court case number is 12 CR 489.

[2] Something more than simple negligence is required to show a due process violation under § 1983.  <u>Kingsley v. Hendrickson</u>, 576 U.S. 389, 396 (2015); <u>Daniels v. Williams</u>, 474 U.S. 327, 333-36 (1986); <u>Darr v. Town of Telluride, Colo.</u>, 495 F.3d 1243, 1257 (10th Cir. 2007).

3

City of Salina

A municipality, such as the City of Salina, may be liable under 42 U.S.C. § 1983 only when it has deprived a person of his constitutional rights or has caused a person to be subjected to such deprivation. Connick v. Thompson, 563 U.S. 51, 60-61 (2011). A city is not liable merely for the actions of its employees under a theory of respondeat superior. See id. Rather, municipalities are liable where enforcement of policies or customs by their employees causes a deprivation of a person's federally protected rights. See Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997). This may be shown through (1) formal regulations; (2) widespread practice so permanent that it constitutes a custom; (3) decisions made by employees with final policymaking authority that are relied upon by subordinates; or (4) a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1188-89 (10th Cir. 2010). Plaintiff's amended complaint fails to allege facts showing a city policy or custom which deprived him of his constitutional rights.[3]

The court concludes that plaintiff has failed to allege facts showing that his constitutional rights have been violated because

---

[3] The original complaint lists Saline County as a defendant, instead of the City of Salina. The court's findings would not be different if Saline County was a defendant instead of the City of Salina.

4

of the actions of defendants Bradberry and the City of Salina, Kansas.

Statute of limitations

In addition, the court may dismiss a claim sua sponte under § 1915A(b) upon statute of limitations grounds when the defense is obvious from the face of the complaint and no further factual record is required to be developed. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). The limitations period for § 1983 actions arising in Kansas is two years. Jacobs v. Lyon County Detention Center, 371 Fed.Appx. 910, 912 (10th Cir. 3/31/2010)(drawing the period from the personal injury statute of limitations in Kansas in accordance with Wilson v. Garcia, 471 U.S. 261, 269 (1985)); Brown v. U.S.D. 501, 465 F.3d 1184, 1188 (10th Cir. 2006)(same). Plaintiff filed this action on October 9, 2019. The Kansas Court of Appeals ruled in favor of plaintiff on January 10, 2017 and a mandate was issued to Saline County on February 21, 2017. Plaintiff states in his amended complaint that he was immediately released from prison after he prevailed on appeal. Doc. No. 7, p. 3. Under these facts, it appears that plaintiff waited to file this action more than two years after he was released in accordance with the Kansas Court of Appeals mandate and more than two years after he was aware of the facts which are the foundation of his claims. Therefore, plaintiff's § 1983 claims are untimely filed.

Appointment of counsel

Plaintiff has included a request for appointment of counsel with the amended complaint. Doc. No. 7, p. 7. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). Plaintiff may face some obstacles in presenting the facts and law concerning his case. But, this is a relatively simple case and, at this point in time, the court is not convinced that appointment of counsel is warranted. Considering all of the circumstances, including the questionable merits of the case as alleged, the court shall deny plaintiff's request for appointment of counsel without prejudice.

Conclusion

In summary, the court shall deny plaintiff's request for appointment of counsel without prejudice. The court further grants plaintiff time until October 1, 2020 to show cause in writing why plaintiff's amended complaint should not be dismissed for the

6

reasons stated herein.  Plaintiff is also granted time until October 1, 2020 to file a complete and proper amended complaint to cure all the deficiencies in the amended complaint as discussed herein.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge